IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

STEPHAN P. BELDING and )
JENNIFER M. BELDING, )
       )
    Plaintiffs, ) TC-MD 190148R
       )
    v. )
       )
DEPARTMENT OF REVENUE, )
State of Oregon, )
       )
    Defendant. ) **DECISION**

Plaintiffs appealed Defendant's Notice of Assessment, dated January 16, 2019, for the

2014 tax year. A trial was held on September 28, 2020, via Webex. Stephen Belding (Belding)

appeared and testified on behalf of Plaintiffs. Senait Negash, tax auditor, appeared and testified

on behalf of Defendant. Plaintiffs' Exhibit 1 and Defendant's Exhibits A to I were received into

evidence without objection.

## I. STATEMENT OF FACTS

Belding testified that he operated two businesses during the 2014 tax year which resulted

in an overall business loss of $6,148. Belding owned and operated Rose Courier Express, a

company delivering documents and packages in the Portland metropolitan area. Belding also did

business as Belding Enterprises, a management consulting company focusing on assisting

businesses with generational change. Belding testified that Plaintiffs moved out of state in 2017

and the moving company lost all his 2014 business records.

### A. *Rose Courier Express*

Belding testified that he used his personal vehicle to run a regular route delivering

documents and packages five days a week. He re-created a mileage log from memory for his

deliveries in 2014, totaling 36,304 miles traveled.[1]  (Ex E at 1).  A second month by month log with purported starting and ending odometer readings shows total mileage at 27,571.  Belding testified that some of the deliveries were actually performed by other family members, when he traveled out of state for work with Belding Enterprises.  Belding offered into evidence an unsigned letter from The Children's Clinic, dated September 12, 2019, stating "Stephen Belding doing business as Rose Courier Express, LLC couriered boxes for The Children's Clinic for the 2014 year taking mail, documents and supplies between our Portland and Tualatin offices."

*B.  Belding Enterprises*

Belding testified that he incurred travel expenses, consisting of lodging in the amount of $7,166, airline costs in the amount of $2,970, and meals in the sum of $1,284, in connection with his consulting work.  (Ex F at 1.)  He also testified that some of the incurred expenses were for unpaid speaking engagements.

Belding provided a spreadsheet (Ex F)[2] and credit card statements (Ex D) to support his lodging expenses.  The spreadsheet and the credit card statements show the following explanations for lodging expenses: Homewood Suites, AZ, 3 nights for "consulting"; Hampton Inn, IN, "Tobias conference and consulting workshop" (multiple days); Hampton Inn, Ellensburg, WA, "Washington State Education Association"; multiple days and stays along the west coast for "LA Conference trip to San Diego"; multiple days and stays in Indiana, New York and Charleston for "speaking and research trip."  (Ex F at 1-6.)  Belding's airline and other transportation costs are also listed on his spreadsheet with similar explanations.  Belding's meal expenses identify the date, amount, and name of each restaurant, but not persons present or an

---

[1] The spreadsheet shows a total of 35,212 miles.  The difference may be due to the document's poor readability.

[2] The spreadsheet has poor resolution and is hard to read in critical areas.

explanation of the business purpose.

## C. Costs not specific to one entity

Belding seeks costs that were not specific to one of his two companies. He seeks $100 in legal fees and $4,360 for "other/cell" phone expenses. Belding provided a one-page summary showing monthly bill totals from Verizon, with a cumulative year total of $3,843.46. (Ex H.) He also added $373 for Google Wireless, $60 for Verizon Card services, and $90 for a Verizon prepaid card. (Ex H at 7.) Belding testified that he had two cell phones, which he used for both personal and business calls. He testified that his spouse had her own phone with a different provider.

## II. ANALYSIS

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[3] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. That standard is met by a showing that "the facts asserted are more probably true than false[.]" *Cook v. Michael*, 214 Or. 513, 527, 330 P2d 1026 (1958). Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84, 112 S. Ct. 1039, 117 L. Ed. 2d 226 (1992). Lastly, a taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. IRC § 6001; Treas Reg § 1.6001–1(a).

---

[3] Reverences to the Oregon Revised Statutes (ORS) are to 2013.

The tax code allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." IRC § 162(a). Conversely, taxpayers are not allowed a deduction for personal, living, or family expenses except where specifically allowed in the code. IRC § 262(a). Generally, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the court is allowed to estimate the amount but only if the taxpayers presents sufficient evidence to establish a rational basis for making the estimate. *See, Cohan v. Comm'r,* 39 F.2d 540, 543-44 (2nd Cir. 1930). However, "[f]or certain kinds of items, including business travel, Congress long ago decided to impose, in addition, detailed and specific recordkeeping requirements in order to curb abuse." *Khalaf v. Dept. of Rev.,* TC 5347, 2020 WL 630244 at *2 (Or Tax Regular Div. Feb 5, 2020). Accordingly, IRC section 274(d) overrules the rule in *Cohan* and provides that no deduction is allowable under IRC section 162 for any traveling expenses unless the taxpayer complies with strict substantiation rules. IRC § 274(d)(1), (4). A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his or her own statement. IRC § 274(d)(4); Treas. Reg. § 1.274–5T(b)(2), (c) (2010); *Duncan v. Comm'r,* 80 TCM (CCH) 283 (2000), 2000 WL 1204820 at *3.

If a taxpayer's records are lost or destroyed through circumstances beyond their reasonable control, they may substantiate claimed expense, including those subject to IRC 274(d), through reasonable reconstruction. Treas Reg 1.274-5T(c)(5). Treasury Regulation 1.274-5T(c)(3) states in part:

> "If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of paragraph (c)(2) of this section with respect to an element of an expenditure or use, then, except as otherwise provided in this paragraph, the taxpayer must establish such element—
> (A) By his own statement, whether written or oral, containing specific

information in detail as to such element; and
(B) By other corroborative evidence sufficient to establish such element.
If such element is the description of a gift, or the cost or amount, time, place, or
date of an expenditure or use, the corroborative evidence shall be direct evidence,
such as a statement in writing or the oral testimony of persons entertained or other
witnesses setting forth detailed information about such element, or the
documentary evidence described in paragraph (c)(2) of this section. If such
element is either the business relationship to the taxpayer of persons entertained,
or the business purpose of an expenditure, the corroborative evidence may be
circumstantial evidence."

The burden is on the taxpayer to show that business records were actually lost or destroyed because of circumstances beyond the taxpayer's control. See *McClellan v. Comm'r*, T.C. Memo. 2014-257, 2014 WL 7330983 at *13. Other than Belding's own general testimony no evidence was presented to corroborate the loss of his business records. He did not provide any details as to the nature of the documents that were destroyed or the circumstances under which they could not be recovered. Even accepting Belding's testimony about the destruction of his documents, the court is not satisfied that he made a reasonable reconstruction substantiating his business deductions. His testimony that he incurred travel miles related to his delivery business was credible, however, he introduced only his testimony and minimally helpful self-created records. A spreadsheet listing automobile mileage traveled created from Belding's own memory, by itself is not enough. The only supporting third-party evidence regarding mileage expense is a non-specific letter from one client that says Belding performed delivery work for them during the tax year in issue. It does not provide any information on the frequency or duration of Belding's services for that company.

Belding provided credit card statements showing charges for airlines, hotels, and restaurants. However, the statements themselves are only proof that he incurred the expenses– there were no corroborating records to show the business purposes for the claimed expenses through testimony or other evidence as required by Treas Reg 1.274-5T(c)(5). No evidence such

as flyers, emails, or third-party verification was presented to show that these were for business purposes. Belding's own testimony about attending events as an unpaid speaker does not justify a deduction under IRC section 162 as the court does not consider those an ordinary and necessary business expense.

Cell phone expenses are not subject to the strict substantiation requirements of IRC section 274(d) and thus the court may make a reasonable estimate of the allowable deduction if Plaintiffs cannot establish the precise amount. See *Cohan*, 39 F2d at 543. However, any such estimate "bears heavily against the taxpayer who failed to more precisely substantiate the deduction." *Noz v. Comm'r*, 104 TCM (CCH) 350 (TC 2012). Belding offered no evidence regarding charges for Google wireless, Verizon card services, or a Verizon prepaid card. Belding also offered no evidence on allocation between personal cell phone use versus business use. Consequently, Plaintiffs have not provided the court with an adequate basis upon which to make an estimation as in *Cohan*, and therefore the court cannot allow a deduction for the claimed expenditures related to the cell phones.

### III. CONCLUSION

After careful consideration of the evidence in this case, the court finds that Plaintiffs failed to substantiate their deductions for business expenses for the 2014 tax year. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.



*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Richard Davis and entered on February 9, 2021.*